

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2003

# USA v. Hinton

Precedential or Non-Precedential: Non-Precedential

Docket 01-2960

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Hinton" (2003). *2003 Decisions.* Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 01-2960

———

UNITED STATES OF AMERICA

v.

HAYWOOD HINTON a/k/a AMEER HASAN

Haywood Hinton
Appellant

———

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 00-cr-00125)
District Judge:  Honorable Jerome B. Simandle

———

Argued February 3, 2003

BEFORE:  SLOVITER, RENDELL and STAPLETON, <u>Circuit Judges</u>

(Opinion Filed: March 12, 2003)

———

Joseph R. Donahue (Argued)
Brickfield & Donohue
70 Grand Avenue
River Edge, NJ  07661
 Attorney for Appellant

George S. Leone

Gail Zweig (Aargued)
Office of the United States Attorney
970 Broad Street - Room 700
Newark, NJ 07102
  Attorneys for Appellee

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

Haywood Hinton appeals the sentencing determination of the United States District Court for the District of New Jersey.

At the time of Hinton's sentencing, U.S.S.G. § 2F1.1 increased the offense level depending on the monetary "loss" associated with certain crimes involving fraud or deceit. Application Note 8 of § 2F1.1 required the loss intended by the fraud to be used if it was greater than the actual loss caused by the fraud. *See United States v. Titchell*, 261 F.3d 348, 353 (3d Cir. 2001). The government must prove loss by a preponderance of the evidence. *United States v. Evans*, 155 F.3d 245, 252 (3d Cir. 1998). Although the loss question "need not be determined with precision," *id.*, *United States v. Titchell* teaches that it is error to "simply equate[] potential loss with intended loss without deeper analysis." *Titchell*, 261 F.3d at 353 (internal quotations omitted).

Here, the District Court found that Hinton's method of operation was to perpetuate a scheme of bank fraud in which "individuals who were confederates of Mr. Hinton were instructed [by Hinton] to deposit the checks and to split the proceeds and to

2

receive back a fraction of the proceeds of the checks [from the bank]." BA 408. The court

then concluded that the intended loss was the full face value of the deposited checks based

on the following analysis:

> I'm satisfied from the government's response that the balances in these
> accounts at the end of the fraud was zero or less than zero, that there wasn't
> some sort of residual amount, nor could there have been because there was
> never any real money put in there to begin with. Even if a paper balance was
> reflected, and I have no evidence that there was a positive paper balance at the
> end, the fact that that balance would have been created by fraudulent check
> itself would render that balance zero. So, the intended loss was the entire
> amount of these deposited false checks.

*Id.* at 409.

As in *Titchell*, the District Court's determination of the intended loss is

without persuasive foundation. The District Court incorrectly reasoned that because the

deposited checks were bogus, and the accounts ultimately had a zero balance, the face value

of the bogus checks was necessarily the amount of loss intended by Hinton. This seems to

contradict the District Court's express finding that Hinton's method of operation was to

defraud banks by means of a split deposit, where only a portion of the deposited checks was

actually withdrawn from the bank, and the zero balance resulted not from a taking of all the

funds but, rather, from the bank's discovery that the checks were bogus. The correct

analysis should focus on the amounts that Hinton intended to steal, not the value of the

worthless checks deposited at the bank.

It may well be, as the prosecution insists, that Hinton intended to abscond

with the entire amount of the deposited checks, or as close to the entire amount as he

3

could. *See United States v. Geevers*, 226 F.3d 186, 193 (3d Cir. 2000). However, the District Court has not adequately explored the issue of intended loss and explained its finding. Contrary to the government's suggestion, the record contains no finding by the Court that Hinton intended for there to be any withdrawals from the accounts other than the initial withdrawals. Accordingly, the Court's finding regarding the intended loss cannot stand, and we must remand to the District Court for further analysis. We leave to the District Court's sound discretion whether the record relevant to the intended loss should be supplemented.

Hinton also challenges the District Court's findings regarding relevant conduct under U.S.S.G. § 1B1.3(a) and the two level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The charged conduct and the conduct found relevant were, indeed, part of the same course of conduct and common plan or scheme – having similar modus operandi, and showing the requisite similarity, proximity, and regularity. Additionally, the District Court did not clearly err in finding that Hinton had obstructed justice. Accordingly, we will decline to disturb the District Court's findings concerning relevant conduct and obstruction of justice.

The judgment of the District Court will be reversed, and this matter will be remanded for resentencing only.

4

TO THE CLERK:

Please file the foregoing not precedential opinion.


/s/Walter K. Stapleton
Circuit Judge